FORET, Judge.
This action involves a vehicle-pedestrian collision wherein plaintiffs, Barney Bair-field and Zelna Edwards, sustained injuries when they were struck by a small pickup truck owned by Jean Verzwyvelt and driven by Rhonda Verzwyvelt, Jean’s 17-year^ old daughter. The vehicle involved in the accident was insured by defendant, State Farm Mutual Automobile Insurance Company.
The trial court ruled in favor of plaintiffs, assessing 15% of the fault in connection with the accident to defendant Rhonda, *60 and 85% of the fault to plaintiffs, Bairfield and Ms. Edwards. Plaintiffs appeal and defendants answered the appeal, both contending that the trial court erred in the apportionment of comparative fault. Defendants additionally contend that the general damages awarded in favor of plaintiffs are grossly excessive.
We do not find that the findings of the trial court were clearly erroneous and, as such, we affirm.
FACTS
The trial court harmonized the parties’ conflicting testimony as to the relevant facts. We adopt the trial court’s reconciled factual scenario, in pertinent part, as follows:
“... Plaintiffs were proceeding in the vicinity of Leroy’s, a country-western nightclub, on foot. Robert Hart and Ellis Booth accompanied them and witnessed the impact.
“... Defendants contend plaintiffs were in the road and plaintiffs say they were well off the road at the time of impact. Plaintiffs state that they were walking toward Leroy’s on the shoulder of the road when defendant struck them. Ms. Verzwy-velt contends that she was driving north on the MacArthur service road when she saw two individuals step out from between two parked vehicles. She was seventeen years old at the time, the road was slick and it was about 10:00 p.m. The truck was her’s but it was in her mother’s name. She claims that she saw only two individuals, Barney Bairfield and Zelna Edwards. They stepped out and then darted out in front of her at the last minute. She applied her brakes, but slid into them. Both plaintiffs were taken to the hospital and released later that night.
“Neither account is completely accurate. Ms. Verzwyvelt testified that she could remember very little and appeared to be confused. What is certain is that Mr. Hart and Mr. Booth were standing in the south bound lane at the time of the impact. They shouted a warning to their companions in the other lane. Ms. Verzwyvelt focused on them, swerved to avoid them and hit plaintiffs. Both plaintiffs were hit on their right sides.
“Former Officer Royce Ewings testified that Mr. Bairfield said he and Ms. Edwards saw the oncoming truck and ran across the road to try to beat the truck. Mr. Ewings also testified that upon his arrival on the scene most of the truck, at least three wheels, were on the roadway. He could not pinpoint the point of impact.
“The two plaintiffs, Mr. Hart and Mr. Booth had been at another lounge earlier that evening. Ms. Edwards and Mr. Bair-field testified that they had each had four beers there and that they were not intoxicated. But, alcohol tests performed later that evening at the hospital show that Mr. Bairfield possessed a blood alcohol level of .20% and Ms. Edwards of .10%. Therefore, the only scenario that accounts for all the pertinent facts is that Mr. Bairfield and Ms. Edwards started across the road. Mr. Hart and Mr. Booth were behind them. The plaintiffs ran across the road. The driver saw only Hart and Booth, swerved and hit the plaintiffs. Booth saw the truck first, grabbed Hart and shouted his warning to the plaintiffs. Ms. Verzwyvelt first saw the pedestrians when five or six car lengths away.”
COMPARATIVE NEGLIGENCE
Both parties contend that the trial court manifestly erred in its assessment of comparative fault between the parties. Both plaintiffs and defendants argue that they should not have been assessed with any fault whatsoever.
We find, as did the trial court, that the plaintiffs were in the process of crossing the road at the time of impact. Plaintiffs’ petition clearly alleges in Paragraphs 4 and 5:
3.
“On or about February 9, 1983, in the City of Alexandria, Rapides Parish, Louisiana, the defendant, Rhonda Verzwyvelt, was operating an automobile owned by the defendant, Jean Verzwyvelt, in a northerly direction on the MacArthur Drive Service *61 Road near its intersection with Rosalina Street.
4.
At the same time and place, the petitioners, Barney Bairfield, and Zelna Edwards, were pedestrians, crossing the MacArthur Drive Service Road.
5.
Suddenly and without warning, the Verzwyvelt automobile struck the petitioners causing them serious and permanent damages as will be set forth herein below.” (emphasis added.)
Defendants, through its answer, admitted the allegations set forth in Paragraphs 4 and 5 of plaintiffs’ petition.
La.C.C. art. 1853 (formerly C.C. art. 2291) states as follows:
“A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.”
As stated by the Louisiana Supreme Court in Cheatham v. City of New Orleans, 378 So.2d 369, 374, 375 (La.1979):
“The jurisprudence interpreting this statute is well settled to the effect that an admission made in a pleading is within the purview of this statute. It is also well settled that a judicial confession is a party’s explicit admission of an adverse factual element and that it has the effect of waiving evidence as to the subject of the admission, of withdrawing the subject matter of the confession from issue.”
In Cheatham, the defendant’s answer admitted that the two officers involved in the incident at issue were acting in the course and scope of their employment with the city. The Louisiana Supreme Court found that the issue of whether the officers were in the course and scope of their employment was precluded by the defendant’s own judicial confession and should not have been considered by the court of appeal.
Likewise, in the instant action, plaintiffs, in their petition, judicially confessed that they were crossing the street when they were struck by Rhonda. The petition was neither amended nor revoked on the ground of factual error and, as such, this admission, made in the pleadings, amounts to a judicial confession.
Even absent plaintiffs’ admission in their petition, the evidence supports the trial court’s finding that they were in the road when they were struck by Rhonda. Bair-field testified that he was walking on the right of Ms. Edwards, heading north, when Booth shouted his warning from the road. He testified that the road was to his left or west and that Ms. Edwards was nearer to the road than he. Bairfield then testified that he turned to his right (east) in response to Booth’s warning. A turn to the right would only be a physically logical response to Booth’s warning if Barney were crossing the street and turned back toward Booth rather than walking north on the east shoulder of the road.
Further, why would Booth shout a warning to plaintiffs if plaintiffs weren’t in the road as the truck approached? There is no evidence that the defendant’s vehicle left the road at any time. Officer Ewings testified that the vehicle stopped with the right front wheel on the shoulder while the other three wheels remained on the road.
Additionally, as the trial court noted in its reasons for judgment, Officer Ewings testified that Bairfield stated that he and Ms. Edwards ran across the road to try and beat the truck.
Finally, we note that the emergency room nurse at St. Francis Cabrini Hospital remarked in Bairfield’s medical records: “Pedestrian hit by car while crossing street —states car hit his right hip and threw him back.”
The evidence overwhelmingly supports the trial court’s finding that the plaintiffs were running across the road when they were struck. Based upon these facts, we affirm the trial court’s finding that the plaintiffs were 85% at fault. Bairfield and Ms. Edwards either saw or should have *62 seen Rhonda’s, truck as it approached. There were no obstructions in the road, and Rhonda’s lights were functioning properly. Instead of returning to a place of safety, they chose to outrun the truck and attempt to reach the opposite side of the road. Their own negligence contributed greatly to their injuries.
Compared to the plaintiffs’ fault, the driver’s fault was slight. She was sober, driving in control of her vehicle at a safe rate of speed, and her vehicle was running properly. She saw pedestrians, presumably Booth and Hart, to her left between cars. They started to cross the street and then retreated.
She then testified that the pedestrians darted in front of her. Although she was firm in her testimony that the pedestrians she saw on her left were the same pedestrians she struck, the trial court found as a fact that she did not see the plaintiffs. The trial court found that the plaintiffs were nearer the right side, while she focused on Booth and Hart moving on the left side of the road. She swerved slightly to the right to avoid the movements she saw to the left and struck the plaintiffs in the right lane.
It is doubtful that the accident could have been avoided even if Rhonda had seen the plaintiffs. She testified that she applied her brakes when the pedestrians darted in front of her. She had nothing to obstruct her view, but it was a dark, misty night. Her vehicle slid when the brakes were applied. Upon these facts, the trial court assessed 15% of the fault to Rhonda.
We do not find that the trial court’s assessment that Rhonda was 15% at fault in bringing about plaintiffs’ injuries was clearly erroneous and, as such, affirm the judgment of the trial court.
DAMAGES
Defendants pray, in the alternative, that the general damage awards in favor of each of the plaintiffs be reduced.
The trial court awarded general damages to Bairfield in the amount of $1,500, while Ms. Edwards was awarded $6,000.
The Uniform Rules-Courts of Appeal, Sec. 2-12.4 states, in pertinent part:
“All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.”
Defendants have failed to brief the issue as to why they contend that the general damages awards of the trial court are grossly excessive.
We do not find that these awards by the trial court were clearly erroneous and, as such, we affirm.
DECREE
Based upon the foregoing, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs, Barney Bairfield and Zelna Edwards.
AFFIRMED.